**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

**Dated: December 28 2010**

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **In Re** | ) | **Case No.** 09-36014 |
| | ) | |
| Terry Otto and Susan Otto | ) | **Chapter 7** |
| | ) | |
| | ) | |
| **Debtors** | ) | **JUDGE MARY ANN WHIPPLE** |

### ORDER DENYING MOTION TO REOPEN

This case came before the court for hearing on December 16, 2010, on Debtors' Second Amended Motion to Reopen Case and Void Discharge ("Motion") [Doc. # 19]. The Motion was set by the court for hearing by order entered on November 15, 2010. [Doc. # 23]. There was no appearance on behalf of Debtors at the hearing.

The Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 31, 2009. The Trustee filed a no asset report on November 13, 2001. [Doc. # 11]. Debtors' discharges were entered signed on December 30, 2009, [Doc. #13], and the case was closed on February 5, 2010. As calculated under Rule 4008 of the Federal Rules of Bankruptcy Procedure, the deadline for filing reaffirmation agreements was December 29, 2010. No reaffirmation agreements were filed before the deadline or indeed before the discharges were entered and the case was closed. No request for an extension of the deadline or to delay entry of Debtors' discharges was filed.

Some eight months after the case was closed Debtors filed their second amended Motion to

reopen this case on October 14, 2010. The Motion also requests that the court vacate Debtors' discharges. The stated purpose for reopening is to file a reaffirmation agreement. The creditor is not identified, the circumstances of the reaffirmation agreement, when it was made and why it was not filed before the deadline are not stated in the Motion.

Even apart from the filing deadline set in the Bankruptcy Rules, reaffirmation agreements are enforceable only if they are entered into prior to discharge of debtor's debts, and if they otherwise comply with 11 U.S.C.§ 524(c). *In re Reed*, 177 B.R. 258, 259-60 (Bankr. N.D. Ohio 1995). Specifically, 11 U.S.C. § 524(c)(1), requires that a reaffirmation agreement be "made before the granting of the discharge under section 727." Courts have held that the parties' failure to follow the time constraints imposed by § 524(c)(1) cannot be remedied by court approval. *In re Whitmer*, 142 B.R. 811, 814 (Bankr. S.D. Ohio 1992). Some even hold that the bankruptcy court lacks jurisdiction to enter an order approving a reaffirmation agreement after discharge. *Id.*(citing *Matter of McQuality*, 5 Bankr. 302 (Bankr. S.D. Ohio 1980)); *Reed*, 177 B.R. at 259-60; *In re Gruber*, 22 Bankr. 768, 770-71 (Bankr. N.D. Ohio 1982).

Motions to reopen cases filed for the purpose of filing reaffirmation agreements after the discharge order has been entered are routinely denied, unless it can be shown that the reaffirmation agreement was "made" before the granting of the discharge, thus allowing the agreement to be "filed" after the granting of discharge. *E.g., In re Davis*, 273 B.R. 152 (Bankr. S.D. Ohio 2001). Moreover, courts also routinely hold that it is improper to vacate the discharge to validate a reaffirmation agreement that was made after discharge. *In re Stewart*, 355 B.R. 636, 638 (Bankr. N.D. Ohio 2006); *In re Nichols*, Case No. 10-01323, 2010 Bankr. LEXIS 4019, *5-*8 (Bankr. N.D. Iowa, Nov. 29, 2010); *In re Golladay*, 391 B.R. 417, 422-24 (Bankr. C.D. Ill. 2008); *In re Burgett*, 95 B.R. 524 (Bankr. S.D. Ohio 1988).

In the absence of an appearance and explanation of the circumstances in this case, the court finds no basis to depart from the general principles governing reaffirmation agreements stated above.

**IT IS THEREFORE ORDERED** that Debtors' Second Amended Motion to Reopen Case and Void Discharge [Doc. # 19] is hereby **DENIED.**